**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4322**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHEMIKA ALFRIDA PARSON WILLIAMS, a/k/a Shemika Alfrida Parson,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:17-cr-00211-TMC-1)

Submitted:  December 17, 2018                    Decided:  December 20, 2018

Before DUNCAN and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Daniel Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shemika Parson Williams pleaded guilty to conspiring to possess with intent to distribute and to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), and knowingly carrying and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced Williams to a total of 180 months of imprisonment—the statutory mandatory minimum of 120 months on the drug charge, and the statutory mandatory consecutive 60 month term on the firearm count—and 5 years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the length of Williams' sentence is substantively reasonable. Williams has also filed a pro se supplemental brief raising two issues. We affirm the conviction and sentence and remand to correct a clerical error in the judgment.[*]

Williams' counsel questions whether the district court's sentence of 180 months' imprisonment and five years' supervised release was substantively reasonable. Under *Gall v. United States*, 552 U.S. 38 (2007), we review sentences under a deferential abuse-of-discretion standard. *Id.* at 41. "A statutorily required sentence . . . is *per se*

---

[*] Williams pleaded guilty to conspiracy, yet the judgment does not reference § 846, the applicable conspiracy statute. We therefore remand the case so that the district court may amend the judgment to reflect that Williams pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. *See* Fed. R. Crim. P. 36 (correcting clerical error).

reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 135 S. Ct. 1609 (2015). Because the district court imposed the statutory minimum sentence, we conclude that Williams cannot establish that her sentence of imprisonment is substantively unreasonable.

In her pro se supplemental brief, Williams first challenges her conviction under § 924(c)(1)(A), asserting that it is invalid following the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the residual clause of 18 U.S.C. § 16(b) (2012) is unconstitutionally vague. *Id.* at 1215-16. Williams' conviction does not implicate the *Dimaya* ruling because Williams was not convicted under § 924(c)'s crime of violence clause. *See Id.* at 1210 (defining question addressed). Instead, Williams was convicted under § 924(c)'s drug trafficking clause. Therefore, the district court did not err in finding Williams guilty of violating § 924(c).

Williams' next claims that her sentence violates *Alleyne v. United States*, 570 U.S. 99 (2013), because the district court improperly found facts that increased her sentence, in violation of the Sixth Amendment. Williams argues that the district court erred in finding her responsible for the entire quantity of methamphetamine and the firearm found in the vehicle she was driving during her traffic stop. However, *Alleyne* distinguishes those factual findings that raise the minimum or maximum sentence a defendant faces from those that inform the district court's choice of sentence within the minimum and maximum ranges. *Id.* at 111-17. "[F]actfinding used to guide judicial discretion in selecting a punishment within limits fixed by law" does not violate the Sixth Amendment. *Id.* at 113 n.2 (internal quotation marks omitted).

3

Here, Williams pleaded guilty to conspiring to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which the statutory minimum penalty is 10 years' imprisonment, *see* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, and also to possessing or using a firearm in connection with a drug trafficking crime, for which the statutory minimum penalty is 5 years' imprisonment consecutive to the drug sentence, *see* 18 U.S.C. § 924(c)(1)(A)(i). Therefore, the district court correctly determined that Williams was subject to an aggregate mandatory minimum sentence of 15 years' imprisonment. At the sentencing hearing, the district court concluded that Williams was responsible for 2.51 kilograms of "Ice" methamphetamine, which established a base offense level of 36 under the Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 2D1.1(c)(2) (2016). This finding did not raise the minimum or maximum sentence faced by Williams, but merely informed the district court's decision within the range established by statute. Therefore, the district court's factual findings did not violate *Alleyne* or the Sixth Amendment.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence, but remand for correction of the judgment, *see supra* n.*. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

4

this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*